UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

GARY MIZER,

    Plaintiff,

v.                                  CASE NO.: 3:18-cv-436

CAPITAL ONE BANK, N.A., and
PORTFOLIO RECOVERY
ASSOCIATES, L.L.C.,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, Gary Mizer, by and through the undersigned counsel, and sues Defendants, CAPITAL ONE BANK, N.A., and PORTFOLIO RECOVERY ASSOCIATES, L.L.C., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like CAPITAL ONE BANK, N.A. and PORTFOLIO RECOVERY ASSOCIATES, L.L.C. (hereafter named individually or jointly as "Defendants") from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give

1

telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7. The alleged violations described herein occurred in Eau Claire County, Wisconsin. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

**FACTUAL ALLEGATIONS**

8. Plaintiff is a natural person, and citizen of the State of Wisconsin residing in Eau Claire County, Wisconsin.

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant, CAPITAL ONE BANK, N.A., is a corporation which was formed in Virginia, with its principal place of business located at 1608 Capital One Drive, McLean, Virginia 22102, and which conducts business in the State of Wisconsin.

11. Defendant, PORTFOLIO RECOVERY ASSOCIATES, L.L.C., is a corporation formed in Delaware, with its principal place of business located at 120 Corporate Boulevard, Suite 100, Norfolk, Virginia 23502 and which conducts business in the State of Wisconsin.

12. Defendants called Plaintiff approximately five hundred (500) times in an attempt to collect a debt related to a credit card account.

13. Upon information and belief, some or all of the calls Defendants made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (inclu ding but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received and because he heard a pause when he answered his phone before a voice came on the line and also that he received prerecorded messages from Defendants.

14. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number 715 \*\*\* - 1969 and was the called party and recipient of Defendants' calls.

15. Defendants placed an exorbitant number of autodialed to Plaintiff's cellular telephone number 715 *** - 1969 in an attempt to collect on a credit card debt.

16. On several occasions since CAPITAL ONE BANK, N.A. first began calling Plaintiff to collect on the account in question Plaintiff has instructed Defendant's agent(s) to stop calling his cellular telephone. Approximately three years ago, Defendant first told CAPITAL ONE BANK, N.A. to stop calling him. CAPITAL ONE BANK, N.A. later sold the account to PORTFOLIO RECOVERY ASSOCIATES, L.L.C., who continued to call Plaintiff without his prior express consent, as it had previously been revoked. Plaintiff revoked consent to automated calls with both Defendants multiple times since his initial revocation.

17. Defendants both have a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

18. Defendants both have a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendants, to remove the number.

19. Defendants' corporate policies are structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendants that they do not wish to be called.

20. Defendants both have numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

21. Defendants both have numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

22. Defendants both have had numerous complaints against it from consumers across the country asking to not be called, however Defendants continue to call these individuals.

23. Both Defendants' corporate policies provided no means for Plaintiff to have Plaintiff's number removed from Defendants call lists.

24. Defendants have corporate policies to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

25. Not one of either Defendants telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

26. Defendants willfully and/or knowingly violated the TCPA with respect to Plaintiff.

27. From each and every call placed without express consent by Defendants to Plaintiff's cellular telephone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

28. From each and every call without express consent placed by Defendants to Plaintiff's cellular telephone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendants call.

29. From each and every call placed without express consent by Defendants to Plaintiff's cellular telephone, Plaintiff suffered the injury of unnecessary expenditure of his time. For calls he answered, the time she spent on the call was unnecessary as he repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflect the unwanted calls. This also

impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

30. Each and every call placed without express consent by Defendants to Plaintiff's cellular telephone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

31. Each and every call placed without express consent by Defendants to Plaintiff's cellular telephone resulted in the injury of unnecessary expenditure of Plaintiff's cellular telephone's battery power.

32. Each and every call placed without express consent by Defendants to Plaintiff's cellular telephone where a voice message was left which occupied space in Plaintiff's phone or network.

33. Each and every call placed without express consent by Defendants to Plaintiff's cellular telephone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

34. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, nervousness, embarrassment, and aggravation.

## COUNT I
### (Violation of the TCPA by CAPITAL ONE BANK N.A.)

35. Plaintiff fully incorporates and re-alleges paragraphs one through thirty-four (1-34) as if fully set forth herein.

36. CAPITAL ONE BANK, N.A. willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified CAPITAL ONE BANK, N.A. that Plaintiff wished for the calls to stop

37. CAPITAL ONE BANK, N.A. repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CAPITAL ONE BANK, N.A. for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the TCPA by PORTFOLIO RECOVERY ASSOCIATES L.L.C.)

38. Plaintiff fully incorporates and re-alleges paragraphs one through thirty-four (1-34) as if fully set forth herein.

39. PORTFOLIO RECOVERY ASSOCIATES, L.L.C. willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified PORTFOLIO RECOVERY ASSOCIATES, L.L.C. that Plaintiff wished for the calls to stop

40. PORTFOLIO RECOVERY ASSOCIATES L.L.C. repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against PORTFOLIO RECOVERY ASSOCIATES, L.L.C. for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

                                        Respectfully submitted,

                                        */s/Frank H. Kerney, III, Esquire*
                                        Frank H. Kerney, III, Esquire
                                        Florida Bar #: 88672
                                        Morgan & Morgan, Tampa, P.A.
                                        One Tampa City Center
                                        201 North Franklin Street, 7th Floor
                                        Tampa, FL 33602
                                        Telephone: (813) 223-5505
                                        Facsimile:  (813) 223-5402
                                        fkerney@forthepeople.com
                                        jkneeland@forthepeople.com
                                        snazario@forthepeople.com
                                        Counsel for Plaintiff